IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEON WEINGRAD *individually and on behalf of all others similarly situated,*

*Plaintiff*,

v.

BAKER SOLUTIONS INC,
*doing business as* CREDITBAKER.

*Defendants*.

CIVIL ACTION
NO. 25-1792

**ORDER**

**AND NOW**, this 8th day of July, 2025, it is hereby **ORDERED** that the **PRETRIAL CONFERENCE** previously scheduled for July 3, 2025 has been **RESCHEDULED** to **TUESDAY, JULY 15, 2025 at 10:00 a.m.**, via telephone. The Court will provide the call-in information.

1. Rule 1 of the Federal Rules of Civil Procedure requires those Rules to be considered, administered and employed by the Court and the parties to secure the just, speedy and inexpensive determination of this case. The Court and counsel must therefore work cooperatively to control the case's schedule and cost. This pretrial conference is an important part of the process by which the Court, with the parties cooperation and assistance, will manage this litigation.

2. **All counsel must read and strictly adhere to the Court's Policies and Procedures.** https://www.paed.uscourts.gov/sites/paed/files/documents/procedures/pappol.pdf;

3. The parties shall make the required initial disclosures under Fed. R. Civ. P. 26(a) within 14 days of this Order;

4. The parties shall commence discovery **immediately**;

5. After consultation with counsel for all parties, counsel shall complete and file with the Clerk the required Report of the Rule 26(f) Meeting incorporating all the information in the attached form Report on or before **July 1, 2025**;

6. **Lead trial counsel is required to appear at the conference.** If trial counsel is on trial in another matter, an attorney in his or her office who is thoroughly familiar with this case is required to appear at the conference.

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

**Joint Status Report Pursuant to Rule 26(f)**

Caption:_____Civil Action No: _____

Basis of Jurisdiction:_____

Jury Trial:_____ Non-Jury Trial: _____ Arbitration:_____

Plaintiff's counsel participating in the Rule 16 Conference:
Defendants counsel participating in the Rule 16 Conference:
Do counsel have full authority to settle at Rule 16 Conference?

    If not, client with such authority who will attend conference:

When did the parties hold the Rule 26 Conference?
When did the parties comply with the Rule 26(a)'s duty of self-executing disclosure?
Does either side expect to file a case-dispositive motion? _____ (yes/no)

    If yes, under what Rule
    If yes, specify the issue
    Proposed deadline for filing dispositive motions:
    Does either side anticipate the use of experts?

        If yes, what is the proposed deadline for expert discovery?
Approximate date case should be trial-ready:
    Time for Plaintiff's case: _____ Time for Defendant's case:
Is a settlement conference likely to be helpful? _____ If so, when:
    Early_____ (yes/no)    After Discovery_____(yes/no)
Do the parties wish to proceed before a Magistrate Judge for final disposition?


<u>Plan for Discovery:</u>

1. The parties anticipate that discovery should be completed within _____ days.

2. What is the minimum amount of time necessary to complete discovery prior to an ADR session, should one be ordered or agreed to?

3. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D)?

4. Identify any other discovery issues which should be addressed at the Rule 16 Conference, including limitations on discovery, protective Orders needed, or other elements which should be included in a particularized discovery plan.

5. If you contend the discovery period to exceed 90 days, please state reason:
   _____

6. Do the parties anticipate the need to subpoena any third parties? _____

   If yes, to the extent any authorizations or releases are required to be signed, counsel should exchange them in advance of the Rule 16 Conference.