# EXHIBIT "1"

<table>
<tr><td><strong>Fill in this information to identify the case:</strong></td><td></td></tr>
</table>

| **Fill in this information to identify the case:** |
| --- |

Debtor 1   Baker Solutions Inc. dba CreditBaker

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court    **Eastern District of New York**

Case number:  **25–72941**

FILED

**U.S. Bankruptcy Court**
**Eastern District of New York**

12/3/2025

**Paul Dickson, Clerk**

Official Form 410
# Proof of Claim

04/25

Read the instructions before filling out this form. **This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| **Part 1:** | **Identify the Claim** |
| --- | --- |

**1. Who is the current creditor?**

Leon Weingrad

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Leon Weingrad

Name

c/o Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038

Contact phone _____2152255529_____

Contact email _____a@perronglaw.com_____

Uniform claim identifier (if you use one):
_____

**Where should payments to the creditor be sent?** (if different)

Name

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____

MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                           Proof of Claim                           page 1

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |

| | |
|---|---|
| 7. **How much is the claim?** | $      5000001.00          **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Class Action for violations of the Telephone Consumer Protection Act, 47 USC 227 (see attachment) |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate.    If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**         $ _____<br><br>**Amount of the claim that is secured:**    $ _____<br><br>**Amount of the claim that is unsecured:**    $ _____    (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**    $ _____<br><br>**Annual Interest Rate** (when case was filed)    _____ %<br><br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | | **Amount entitled to priority** |
|---|---|---|---|---|
| | | ☐ Yes. *Check all that apply*: | | |

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $ _____

☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $ _____

☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies    $ _____

\* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
**18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    12/3/2025

MM / DD / YYYY

/s/  Andrew Roman Perrong

Signature

Print the name of the person who is completing and signing this claim:

Name    Andrew Roman Perrong

First name    Middle name    Last name

Title    Attorney for Plaintiff Leon Weingrad and the Class

Company    Perrong Law LLC

Identify the corporate servicer as the company if the authorized agent is a servicer

Address    2657 Mount Carmel Avenue

Number   Street

Glenside, PA 19038

City   State   ZIP Code

Contact phone    2152255529    Email    a@perronglaw.com

Official Form 410        Proof of Claim        page 3

## SUMMARY OF CLAIM

Plaintiff Leon Weingrad ("Plaintiff") on behalf of himself and others similarly situated submits this Summary of Claim setting forth the factual and legal basis for the class action claim against Baker Solutions Inc. d/b/a CreditBaker.

## INTRODUCTION

This case is straightforward and involves Defendant-Debtor Baker Solutions Inc's. ("CreditBaker") telemarketing for loans and associated services despite not having the requisite consent to contact those individuals who, like the Plaintiff, were listed on the National Do Not Call Registry, as well as other associated and related claims.

Telemarketing cases alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et. seq. ("TCPA") like this one typically involve extensive review of calling records and any associated allegations that prior express written consent was obtained sufficient to form the basis for a finding of consent under the TCPA. Here Defendant CreditBaker has not yet produced classwide calling records. However, as a putative class action in federal court, including under the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Defendant faces, at minimum, $5,000,001 in damages. Damages will likely exceed this amount, so the claim is, at least partially, unliquidated and is subject to confirmatory discovery once the call records are obtained and analyzed.

For purposes of this Proof of Claim, Claimant asserts that the claim amount is no less than $5,000,001, which is the jurisdictional minimum under the Class Action Fairness Act and a conservative estimate of aggregate statutory damages. Claimant further asserts that the actual amount of the claim will be determined through adjudication of the underlying TCPA action, including class certification, discovery regarding the total number of calls/texts, and any determination of willfulness. Claimant reserves the right to amend this proof of claim as additional information becomes available.

The final amount of the claim against CreditBaker will depend upon an adjudication of the underlying litigation, a review of the calling records and determination of willfulness, any associated class certification, and the ultimate disposition of the claims at trial. The Plaintiff currently seeks maximum statutory damages under the TCPA for himself and all class members, which is $500 per violation, which can be up to trebled if the conduct is found to be "knowing" or "willful".

## CASE SUMMARY

A.  CreditBaker's illegal telemarketing scheme.

CreditBaker is a telemarketer and loan company that illegally calls, including through the use of text message calls, individuals whose numbers are listed on the Do Not Call Registry. CreditBaker will call potentially interested customers *en masse* to attempt to sell them CreditBaker's loan services.

The Plaintiff's telephone number is a private, residential telephone line which is assigned to a telephone exchange service for consumers. It is and has been on the National Do Not Call Registry for at least a year prior to the illegal calls at issue. The Federal Telephone Consumer Protection Act prohibits placing calls, including the sending of text message calls, to such numbers without the prior express written consent of the called party. It also prohibits associated conduct, such as calling with inaccurate caller ID information or after the calls were requested to stop. Neither Mr. Weingrad nor any other class member provided their consent to receive calls, including text message calls, from CreditBaker.

B.  The TCPA authorizes the claims at issue.

"Telemarketing calls are [] intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227 (2012)). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' id. § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms," id. at § 2(9)." *Krakauer v. Dish Network*, L.L.C., 925 F.3d 643, 649 (4th Cir. 2019).

"[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to ... initiat[e] any outbound telephone call to a person when ... [t]hat person's telephone number is on the 'do-not-call' registry, maintained by the Commission.')." *Krakauer*, 925 F.3d at 649.

The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire to not receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

The TCPA exempts from its scope telemarketing calls made with a consumer's "prior express consent." "Prior express consent" exists where a consumer has (a) clearly stated that the telemarketer may call, and (b) clearly expressed an understanding that the telemarketer's subsequent call will be made for the purpose of encouraging the purchase of goods or services. *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, ¶ 7 (2012). The FCC's definition is consistent with the everyday meaning of the

term "prior express consent" meaning "[c]onsent that is clearly and unmistakably stated. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009).

Here, no evidence has yet been produced to demonstrate that the Plaintiff provided his consent, and no such evidence exists because the Plaintiff unequivocally did not consent. Thus far, no evidence was produced in this case that any of the class members provided the requisite consent necessary to make the telemarketing calls at issue. As such, CreditBaker will not be able to carry their burden to prove that they obtained consent to make the calls at issue and are liable for violating the TCPA.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LEON WEINGRAD,** individually and on behalf of all others similarly situated, | Case No. 2:25-cv-1792 |
| *Plaintiff*, | **CLASS ACTION** |
| *v.* | **JURY TRIAL DEMANDED** |
| **BAKER SOLUTIONS INC. d/b/a CREDITBAKER** | |
| *Defendant.* | |

**CLASS ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff Leon Weingrad ("Plaintiff" or "Mr. Weingrad") brings this Class Action Complaint and Demand for Jury Trial against Defendant Baker Solutions Inc. d/b/a CreditBaker ("Defendant") and alleges as follows:

1.      Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations

was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id…*This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Baker Solutions Inc. violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent, by making telemarketing calls without the accurate provision of Caller ID Name (CNAM), as well as calling people who had previously asked to no longer receive calls.

## PARTIES

4.      Plaintiff Leon Weingrad is an individual.

5.      Defendant Baker Solutions Inc., which does business under the name CreditBaker, is a New York-based company that sells various loans throughout Pennsylvania and across the United States.

## JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7.      This Court has specific personal jurisdiction over CreditBaker because the company directed its conduct into this District, including by calling and texting 267- area code numbers, which are associated with this District.

8.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the acts giving rise to the complaint, namely, the illegal telemarketing conduct, took place in this District because the calls and text messages were sent into this District to a 267- area code number.

## BACKGROUND

**A.      The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

9.      The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

10.      The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11.      A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

12.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B.      The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.**

13.     The TCPA requires any "person or entity that engages in telemarketing" to "transmit caller identification information." 47 C.F.R. § 64.1601(e).

14.     The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47 C.F.R. § 64.1601(e)(1).

15.     A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

**FACTUAL ALLEGATIONS**

16.     The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17.     At no point did the Plaintiff consent to receiving telemarketing calls or text messages from the Defendant prior to receiving the calls at issue.

18.     Plaintiff's telephone number, (267) XXX-XXXX, is a residential, non-commercial telephone number.

19.     Mr. Weingrad uses the number for personal, residential, and household reasons.

20.     Mr. Weingrad does not use the number for business reasons or business use.

4

21.     The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

22.     Moreover, the telephone line is assigned to a cellular service which is presumptively residential and was eligible for registration on the National Do Not Call Registry at the time it was registered.

23.     Plaintiff's telephone number has been listed on the National Do Not Call Registry since he listed it there over a year prior to the calls at issue.

24.     Plaintiff has never been a customer of CreditBaker.

25.     Despite that fact, the Plaintiff received over seven telemarketing calls and five telemarketing text messages from the Defendant, starting on March 13, 2025 and continuing through present.

26.     The text messages and calls all came from the following numbers. Counsel for the Plaintiff has access to "dip" the Caller ID database of the calling carrier to ascertain the CNAM information to ascertain (1) whether caller name delivery (CNAM) is available with the Defendant's calling carrier, and (2) whether such CNAM information contained the name of the telemarketer. The results of those dips are as follows:

| Number | Date | CNAM Available? | CNAM Result | Carrier |
|--------|------|-----------------|-------------|---------|
| 3312403320 | 13/03/2025 | Y | WEST CHICAGO IL | PEERLESS |
| 5164616076 | 13/03/2025 | Y | GARDEN CITY NY | PEERLESS |
| 3312403320 | 14/03/2025 | Y | WEST CHICAGO IL | PEERLESS |
| 3057459111 | 14/03/2025 | Y | LIFETIME DOCK & | PEERLESS |
| 3057459111 | 14/03/2025 | Y | LIFETIME DOCK & | PEERLESS |
| 3312403320 | 18/03/2025 | Y | WEST CHICAGO IL | PEERLESS |
| 2317510353 | 19/03/2025 | Y | WALLOON LAKE MI | PEERLESS |
| 3312403320 | 20/03/2025 | Y | WEST CHICAGO IL | PEERLESS |

5

| 5164616076 | 20/03/2025 | Y | GARDEN CITY NY | PEERLESS |
| 3312403320 | 25/03/2025 | Y | WEST CHICAGO IL | PEERLESS |
| 3312403320 | 26/03/2025 | Y | WEST CHICAGO IL | PEERLESS |
| 3312403320 | 27/03/2025 | Y | WEST CHICAGO IL | PEERLESS |

27.     As the aforementioned chart shows, the CNAM transmitted by the Defendant's ultimate telephone carrier, Peerless Network, provided CNAM functionality, but the CNAM functionality transmitted a geographic location or another name (LIFETIME DOCK &), and not the Defendant's name or telemarketer's name.

28.     Peerless provides its customers the ability to set the CNAM result accurately to reflect their own name as desired, but if the customer does not elect such a CNAM, Peerless' default CNAM customer setting is to transmit the geographic location of the telephone exchange for the calling telephone number, and not the caller's name, as occurred here. Moreover, in the case of the 3057459111 telephone number, defendant appears to have deliberately sent inaccurate information to mislead recipients of the calls at issue.

29.     The calls were all from an individual named "Dennis Romero" from the Defendant who was calling to see if the Plaintiff was interested in obtaining a capital loan.

30.     The Plaintiff played along with the initial calls to verify the identity of the caller and for no other reason. As a result, the Plaintiff received the following email identifying the Defendant and confirming the purpose of the calls on March 13, 2025:

Thank you for your time earlier.  It is my pleasure to present some funding options for your business. At your earliest convenience, please send the following documents via fax **(516) 846-0884** or email to **dennis@creditbaker.com** . We need the following documents to start processing your file.

1.     **Application - Click Link** https://www.creditbaker.com/apply     **PROMO CODE: DENNIS25**

2.     **Business Bank Statements (November, December, January, February 2025)**

After receiving the paperwork, I will contact you within 24 hours to further discuss the terms.

 Please feel free to call me with any questions or concerns.

--
Dennis Romero
Funding Manager
CreditBaker.com
Tel# 516-461-6076
Fax# 516-846-0884

6

31.     The Plaintiff also received the following text message:



32.     The Plaintiff did not respond. Thereafter, on the following day, the Plaintiff received a call, told the caller that he was busy and not to call, and received the following two text messages:



33.    The calls and text messages continued, including a call on March 18.

34.     Thereafter, the Plaintiff received a text on March 19, after the Plaintiff had requested the calls stop:



35.    Thereafter, the Plaintiff received a call and text on March 20, during which call the Plaintiff expressed confusion and hesitancy as to why the Defendant was and why they continued to call.

36.    But the text messages and calls still continued, including on March 22, where the Plaintiff stated that he was at work, was busy, and that he would call back.

37.    Plaintiff got another call on March 26.

38.    During a call on March 27, the Plaintiff reiterated to "Dennis" to "do me a favor, if you could just stop calling and texting. Let me get to the email, because I'm at work."

39.    Under the TCPA, as confirmed by the Supreme Court, text messages are "calls"

for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

40.    The calls were unwanted.

41.    The calls were nonconsensual encounters.

42.    Plaintiff's privacy has been repeatedly violated by the above-described

telemarketing calls.

43.    Plaintiff never provided his consent or requested the calls.

44.    Plaintiff and the Classes have been harmed by the acts of Defendant because their

privacy has been violated and they were annoyed and harassed. In addition, the calls occupied

their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate

communication, including while driving, working, and performing other critical tasks.

## CLASS ACTION ALLEGATIONS

45.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if

fully stated herein.

46.    Plaintiff brings this action on behalf of himself and the following classes (the

"Classes") pursuant to Federal Rule of Civil Procedure 23.

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of Defendant encouraging the purchase of CreditBaker's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

> **Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls or text messages in a 12-month period, (3) without the transmission of caller identification information that included either CPN or ANI and the Defendant or telemarketer's name, (4) within the four years prior to the filing of the Complaint.

**Internal DNC Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls or text messages in a 12-month period, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

47.     **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

48.     **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant' telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant' uniform illegal conduct.

49.     **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff.

50.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

a.     Whether Defendant obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

b.     whether Defendant recorded or honored "do not call" requests of Plaintiff

and members of the Internal Do Not Call Class;

c.        whether Defendant transmitted CPN or ANI and its name in the caller ID information, when provided as an option by their telephone carrier, to Plaintiff and members of the Telemarketing Caller ID Class;

d.        Whether Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

e.        Whether Defendant should be held liable for violations committed on its behalf; and

f.        Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

51.      **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  There are hundreds of Class members in each class, such that joinder of all members is impracticable.

52.      In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

a.        The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

11

b.      The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c.      Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

d.      Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the National DNC Class)**

53.      Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

54.      It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

55.      Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

56.      These violations were willful or knowing.

12

57.     As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

58.     Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## COUNT II
### Violations of the TCPA, 47 U.S.C. § 227
**(On Behalf of Plaintiff and the Telemarketing Caller ID Class)**

59.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

60.     It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

61.     Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without transmitting the name of the telemarketer, despite such option for transmission of accurate CNAM information being available by its carrier.

62.     These violations were willful or knowing.

63.     As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's telemarketing Caller ID transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

13

64.    Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**COUNT III**
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Internal DNC Class)**

65.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

66.    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

67.    Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

68.    As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Classes, respectfully request that the Court enter judgment against Defendant for:

A.    Certification of the Classes as alleged herein;

B.    Appointment of Plaintiff as representative of the Classes;

C.    Appointment of the undersigned as counsel for the Classes;

14

D.    Damages to Plaintiff and members of the Class pursuant to 47 U.S.C. § 227(c)(5);

E.    Injunctive relief for Plaintiff and members of the Class, pursuant to 47 U.S.C. § 227(c)(5), preventing the Defendant from making calls to numbers listed on the National Do Not Call Registry, to those who have asked them to stop, or while failing to transmit the caller ID information required by law;

F.    Attorneys' fees and costs, as permitted by law; and

G.    Such other or further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 7th day of April, 2025.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

15

Case 2:25-cv-01792-GJP    Document 081    Filed 05/13/25    Page 126 of 133

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of all others similarly situated, | Case No. 2:25-CV-01792-GJP |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| BAKER SOLUTIONS, INC. d/b/a CREDITBAKER, | |
| Defendant. | |

**DEFENDANT BAKER SOLUTIONS, INC.'S ANSWER,**
**AFFIRMATIVE DEFENSES, AND DEMAND FOR A TRIAL BY JURY**

Defendant Baker Solutions, Inc. d/b/a CreditBaker ("Defendant"), by and through its

undersigned counsel, Kaufman Dolowich LLP, now answers the Class Action Complaint (Doc. 1)

of Plaintiff Leon Weingrad ("Plaintiff"), and states as follows:

1.      Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion

to which no response is required.

2.      Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion

to which no response is required.

3.      Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion

to which no response is required.

**PARTIES**

4.      Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion

to which no response is required.

1

5.      Admitted in part; denied in part. Defendant admits that it does business under the name CreditBaker and has an office located in New York. The remaining allegations contained in this Paragraph of Plaintiff's Complaint, if any, are denied.

## JURISDICTION AND VENUE

6.       Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

7.      Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

8.      Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

## BACKGROUND

9.      Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

10.      Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

11.      Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

12.      Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

13.      Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

14.      Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

15.     Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

## FACTUAL ALLEGATIONS

16.     Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

17.     Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

18.     Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

19.     Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

20.     Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

21.     Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

22.     Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

23.     Denied. Defendant is without knowledge or information sufficient to form a belief

3

as to the truth of the allegations, if any, contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

24.    Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

25.    Denied.

26.    Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

27.    Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

28.    Denied.

29.    Admitted in part; Denied in part. Defendant admits that calls were made by an individual named "Dennis Romero" to Plaintiff. The remaining allegations contained in this Paragraph of Plaintiff's Complaint, if any, are denied.

30.    Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same. Further, the e-mail referenced in this Paragraph constitutes a writing the terms of which speak for themselves and Defendant denies all such characterizations of the same.

31.    Denied. The text message referenced in this Paragraph constitutes a writing the terms of which speak for themselves and Defendant denies all such characterizations of the same.

32.    Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same. Further, the text messages referenced in this Paragraph constitute a

4

Case 2:25-cv-01079-JPJP    Document 081    Filed 06/04/25    Page 527 of 133

writing the terms of which speak for themselves and Defendant denies all such characterizations of the same.

33.     Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

34.     Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same. Further, the text message referenced in this Paragraph constitutes a writing the terms of which speak for themselves and Defendant denies all such characterizations of the same.

35.     Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

36.     Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

37.     Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

38.     Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, if any, contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

39.     Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

40.     Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

41.     Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

42.     Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

43.     Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

44.     Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

## CLASS ACTION ALLEGATIONS

45.     Defendant incorporates its responses to the allegations contained in Paragraphs 1 through 44 above and incorporates them as if specifically set forth at length herein.

46.     Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

47.     Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

48.     Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

49.     Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

50.    Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

   a.   Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

   b.   Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

   c.   Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

   d.   Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

   e.   Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

   f.   Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

51.    Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

52.    Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

   a.   Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

   b.   Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

   c.   Denied. The allegations in this Paragraph, if any, are denied as a legal

7

Case 2:25-cv-01729-JPJP   Document 281   Filed 06/04/25   Page 830 of 133

conclusion to which no response is required.

  d. Denied. The allegations in this Paragraph, if any, are denied as a legal

conclusion to which no response is required.

## <u>COUNT I</u>

53. Defendant incorporates its responses to the allegations contained in Paragraphs 1

through 52 above and incorporates them as if specifically set forth at length herein.

54. Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion

to which no response is required.

55. Denied.

56. Denied.

57. Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion

to which no response is required.

58. Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion

to which no response is required.

## <u>COUNT II</u>

59. Defendant incorporates its responses to the allegations contained in Paragraphs 1

through 58 above and incorporates them as if specifically set forth at length herein.

60. Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion

to which no response is required.

61. Denied.

62. Denied.

63. Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion

to which no response is required.

64.     Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

## COUNT III

65.     Defendant incorporates its responses to the allegations contained in Paragraphs 1 through 64 above and incorporates them as if specifically set forth at length herein.

66.     Denied.

67.     Denied.

68.     Denied. The allegations in this Paragraph, if any, are denied as a legal conclusion to which no response is required.

**WHEREFORE**, Defendant requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice, and award Defendant its reasonable attorney's fees and costs incurred in defending this action. Defendant further requests that this Court deny any other requested damages, fees, costs, other legal and equitable relief, and award such other relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.     Plaintiff's claims may be barred by the statute of limitations.

3.     Plaintiff provided consent to receive communications from Defendant.

4.     Defendant's contact with Plaintiff was not a solicitation but was in direct response to a request for information.

5.     The communication at issue was for a business purpose.

6.     Defendant reserves the right to assert additional affirmative defenses that may be revealed during the course of discovery.

9

Case 2:25-cv-01792-GJP    Document 16-1    Filed 06/04/25    Page 32 of 33

# DEMAND FOR A TRIAL BY JURY

Defendant demands a trial by jury under Federal Rule of Civil Procedure 38 for all issues so triable.

Respectfully submitted:

**KAUFMAN DOLOWICH, LLP**

By:   /s/ Richard J. Perr
RICHARD J. PERR, ESQUIRE
MONICA M. LITTMAN, ESQUIRE
One Liberty Place
1650 Market St., Suite 4800
Philadelphia, PA  19103-1628
(v) 215.501.7002; (f) 215.405.2973
rperr@kaufmandolowich.com
mlittman@kaufmandolowich.com
Attorneys for Defendant, Baker Solutions, Inc. d/b/a CreditBaker

Dated: June 4, 2025

10

## <u>CERTIFICATE OF SERVICE</u>

I, RICHARD J. PERR, ESQUIRE, hereby certify that on this date I caused to be served a true and correct copy of the foregoing electronically via the Court's CM/ECF system on the following:

Andrew Roman Perrong
Perrong Law LLC
2657 Mt. Carmel Ave
Glenside, PA 19038
Email: a@perronglaw.com

Attorney for Plaintiff Leon Weingrad

/s/ Richard J. Perr
RICHARD J. PERR, ESQUIRE

Date: June 4, 2025

4900-1670-3306, v. 1

11