# EXHIBIT "2"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

RETURN DATE:     JUNE 10, 2026
TIME:            10:00 A.M.

------------------------------------------------------------X

In Re:

Baker Solutions Inc. d/b/a CreditBaker,

Debtor.

Chapter 7

Case No. 825-72941-spg

Notice of Hearing

------------------------------------------------------------X

PLEASE TAKE NOTICE, that on June 10, 2026 at 10:00 a.m., the Trustee will move before the Honorable Sheryl P. Giugliano, United States Bankruptcy Judge, United States Bankruptcy Court, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Room 860, Central Islip, New York 11722, or as soon thereafter as counsel can be heard for an Order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure: (i) approving the Stipulation of Settlement between the Trustee on behalf of the Estate and Leon Weingrad settling the Trustee's objection to Proof of Claim 6-1 filed by Leon Weingrad in the sum of $5,000,001.00 to $20,000.00; (ii) authorizing the Trustee to execute all documents necessary to effectuate the terms of the Stipulation of Settlement; and (iii) granting such other and further relief as this Court deems just and proper ("Motion").

PLEASE TAKE FURTHER NOTICE, that a copy of the application is available for inspection at the office of the Clerk of the United States Bankruptcy Court during normal business hours at the Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11722 or may be obtained by contacting the undersigned.

PLEASE TAKE FURTHER NOTICE, Objections to the Trustee's application shall be filed as follows: (a) (i) through the Bankruptcy Court's electronic filing system (in accordance with Order No. 476), which may be accessed through the Internet at the Bankruptcy Court's website: www.nyeb.uscourts.gov, and (ii) in portable document format (PDF) using Adobe Exchange

software for conversion; or (b) if a party is unable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number of the document to which the objection refers, and the file name on the outside of the envelope; or (c) if a party is unable to file electronically or use PDF format, such party shall submit the objection on a diskette in Word format. An objection filed by a party with no legal representation shall comply with section (b) or (c) as set forth in this paragraph. A hard copy of the objection, whether filed pursuant to section (a), (b) or (c), as set forth in this paragraph, shall be hand-delivered directly to the Chambers of the Honorable Sheryl P. Giugliano, and a hard copy shall be served upon the Trustee's counsel, Weinberg, Gross & Pergament LLP, 400 Garden City Plaza, Suite 309, Garden City, New York 11530, Attention: Marc A. Pergament, Esq., the Office of the United States Trustee, Alfonse M. D'Amato Courthouse, 560 Federal Plaza, Central Islip, New York 11722, and file with the Clerk of the Bankruptcy Court, with a copy to Chambers on or before June 3, 2026.

PLEASE TAKE FURTHER NOTICE, that all matters before Judge Giugliano will be conducted in-person in Courtroom 860, unless otherwise ordered by the Court. A party may appear by videoconference if they request permission from the courtroom deputy by e-mail at spg_hearings@nyeb.uscourts.gov at least forty-eight (48) hours prior to the hearing. If you do not obtain permission to appear by videoconference at least forty-eight (48) hours prior to the hearing, you will be required to appear in-person. Regardless of whether a hearing is by videoconference or in-person, all attorneys and unrepresented parties are required to register with eCourt Appearances USBC - NYEB eCourt Appearances at least two (2) business days in advance of the scheduled hearing. Judge Giugliano's procedures can be found on the United States Bankruptcy

Court for the Eastern District of New York's website at: www.nyeb.uscourts.gov/content/judge-

sheryl-p-giugliano.

Dated: Garden City, New York
      May 4, 2026

> Weinberg, Gross & Pergament LLP
> Attorneys for Trustee

By:     _____
> Michael A. Farina
> 400 Garden City Plaza, Suite 309
> Garden City, New York 11530
> (516) 877-2424

3

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

In Re:                                              Chapter 7

Baker Solutions Inc. d/b/a CreditBaker,             Case No. 825-72941-spg

      Debtor.                                       Application

-----------------------------------------------------------X

TO:    The Honorable Sheryl P. Giugliano,
        United States Bankruptcy Judge

          Marc A. Pergament, Chapter 7 Trustee (the "Trustee") of the Bankruptcy Estate of

Baker Solutions Inc. d/b/a CreditBaker (the "Debtor"), by his attorneys, Weinberg Gross &

Pergament, LLP, as and for his Application for the entry of an Order pursuant to Rule 9019(a) of

the Federal Rules of Bankruptcy Procedure: (i) approving the Stipulation of Settlement between the

Trustee on behalf of the Estate and Leon Weingrad settling the Trustee's objection to Proof of

Claim 6-1 filed by Leon Weingrad in the sum of $5,000,001.00 to $20,000.00; (ii) authorizing the

Trustee to execute all documents necessary to effectuate the terms of the Stipulation of Settlement;

and (iii) granting such other and further relief as this Court deems just and proper ("Motion")

respectfully represents as follows:

        1.     This case was commenced by the filing of a voluntary petition for relief

under Chapter 7 of the United States Bankruptcy Code on July 31, 2025 (the "Filing Date").

        2.     Marc A. Pergament is the Chapter 7 Trustee (the "Trustee") of this

Bankruptcy Estate, duly qualified and acting as such.

        3.     Prior to the Filing Date, the Debtor was a Defendant in a Class Action

Lawsuit entitled *Leon Weingrad, individually and on behalf of all others similarly situated v. Baker*

*Solutions Inc. d/b/a Credit Baker* pending in United States District Court, Eastern District of Pennsylvania, under Case No. 25-CV-1792 (the "Class Action Lawsuit").

4. The complaint filed in the Class Action Lawsuit alleged that the Debtor had violated provisions of the Telephone Consumer Protection Act (the "TCPA") under 47 U.S.C. § 227. Leon Weingrad (hereinafter sometimes referred to as "Weingrad") was seeking to be class representative of the putative plaintiffs in the Class Action Lawsuit.

5. The deadline to file Proofs of Claim against this Bankruptcy Estate was fixed by the Clerk of the Bankruptcy Court for December 3, 2025. On or about December 3, 2025, Weingrad, on behalf of himself and the putative Class, filed Proof of Claim No. 6-1 against this Bankruptcy Estate as a general unsecured claim for the sum of $5,000,001.00 (the "Weingrad Proof of Claim").

6. The basis for the Weingrad Proof of Claim was predicated upon the Debtor's alleged violations of the provisions of the TCPA and the pled nature of the action as a putative class action.

7. After conducting discovery in this matter, including the Rule 2004 examination of Weingrad, the Trustee asserted that he had grounds to substantially reduce or seek disallowance of the Weingrad Proof of Claim pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007. Specifically, the evidence gathered to date raises the issue of whether there was a violation of the TCPA.

8. In an effort to avoid further litigation, the Trustee and Weingrad have agreed to amicably resolve any disputes as it concerns the Trustee's objection to the Weingrad Proof of Claim. A copy of the Stipulation of Settlement with Weingrad is annexed hereto as Exhibit "A.

9. According to its pertinent terms, Weingrad's Proof of Claim 6-1 in the sum of $5,000,001.00 will be allowed as a general unsecured claim against this Bankruptcy Estate for the reduced amount of $20,000.00. See Exhibit "A."

10. Thus, after considering the costs and risks of litigation, the Trustee recommends the settlement on the terms set forth in the Stipulation of Settlement.

BASIS FOR APPROVAL OF THE SETTLEMENT

11. The Federal Rules of Bankruptcy Procedure 9019(a) empowers the bankruptcy court to approve compromises and settlements if such settlements and/or compromises are in the best interest of the estate. In re Ashford Hotels, Ltd., 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) Fischer v. Pereira (In re Charles Street), 209 B.R. 618, 619 (S.D.N.Y. 1997). Approval of the compromise or settlement is within the sound discretion of the Court, and may not be vacated "except upon a showing of plain error or abuse of discretion." Anaconda-Ericson, Inc. v. Hessen (In re Teletronics Services, Inc.), 762 F.2d 185, 189 (2d Cir. 1985).

12. The Court in considering the settlement or compromise, should not substitute its judgment for that of the debtor-in-possession or determine the legal and factual issues raised by the proceeding the parties seek to settle. Wellis v. Shogrue, 165 B.R. 115, 122 (S.D.N.Y. 1994). Rather, the Court should simply review the issues presented to determine whether the settlement is within the minimal bounds of reasonableness.

> In undertaking an examination of the settlement, we emphasize that this responsibility of the bankruptcy judge, and ours upon review, is not to decide the numerous questions of law and fact raised by appellants but rather to canvass the issues and see whether the settlement "fall[s] below the lowest point in the range of reasonableness", Newman v. Stein, 464 F.2d 689, 693 (2 Cir.), cert. denied, sub nom. Benson v. Newman, 409 U.S. 1039, 93 S.Ct. 521, 34 L.Ed.2d 488 (1972).

3

Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983). In re Lion Capital Group, 49 B.R. 163, 175 (Bankr. S.D.N.Y. 1985).

13. Moreover, in assessing a settlement, the court should give due consideration to the informed judgment of the Trustee and his counsel, and the principle that the law favors compromise. In re Spielfogel, 211 B.R. 133 (Bankr. E.D.N.Y. 1997). In Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.), 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991), the bankruptcy court observed:

> Further, the court need not conduct a wholly independent investigation in formulating its opinion as to the reasonableness of a settlement. We may give weight to the informed judgments of the trustee or debtor-in-possession and their counsel that a compromise is fair and equitable, see, In re Carla Leather, Inc., 44 B.R. 457 (Bankr. S.D.N.Y. 1984), aff'd, 50 B.R. 764 (S.D.N.Y. 1985), and consider the competency and experience of counsel who support the compromise. See, In re Texaco, 84 B.R. 893, 17 BCD 483, 18 CBC.2d 1099 (Bankr. S.D.N.Y. 1988); In re International Distribution Centers, Inc., 103 B.R. 420 (S.D.N.Y. 1989). And indeed, a court may approve a settlement even if it believes that the trustee or debtor-in-possession ultimately would be successful at trial. In re Teletronics Services, Inc., 46 B.R. 426 (E.D.N.Y. 1984), aff'd 762 F.2d 185 (2d Cir. 1985). Finally, we must consider the principle that "the law favors compromise." In re Blair, supra, 538 F.2d at 851.

14. No prior application has been made to this or any other Court for relief requested herein.

4

WHEREFORE, it is respectfully requested that this Honorable Court grant the

Trustee's motion in its entirety and grant such other and further relief as this Court deems just and

proper.

Dated: Garden City, New York
        May 4, 2026

                                        Weinberg, Gross & Pergament LLP
                                        Attorneys for Trustee

                        By:     _____
                                        Michael A. Farina
                                        400 Garden City Plaza, Suite 309
                                        Garden City, New York 11530
                                        (516) 877-2424

5

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In Re:                                                    Chapter 7

Baker Solutions Inc. d/b/a CreditBaker,                   Case No. 825-72941-spg

Debtor.

-----------------------------------------------------------X

### ORDER APPROVING THE SETTLMENT BETWEEN THE TRUSTEE ON BEHALF OF THE ESTATE AND LEON WEINGRAD

Upon the motion, dated May 4, 2026  (the "Motion"), of Marc A. Pergament (the "Trustee"), as the Trustee of the Bankruptcy Estate of Baker Solutions Inc. d/b/a CreditBaker seeking the entry of an Order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure: (i) approving the Stipulation of Settlement between the Trustee on behalf of the Estate and Leon Weingrad settling the Trustee's objection to Proof of Claim 6-1 filed by Leon Weingrad in the sum of $5,000,001.00 to $20,000.00; (ii) authorizing the Trustee to execute all documents necessary to effectuate the terms of the Stipulation of Settlement; and (iii) granting such other and further relief as this Court deems just and proper [Docket No. ___]; and there being no filed opposition to the relief requested; and the Court having found that:  (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iv) notice of the Motion was sufficient and no additional notice of a hearing on the Motion is required under the circumstances, (v) the relief sought in the Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest and is supported by good business reasons in accordance with Bankruptcy Rule 9019 and (vi) the Stipulation of Settlement was negotiated at arms' length and in good faith; and the Court having reviewed the Motion and having determined that the legal

and factual bases set forth in the Motion establish just cause for the relief granted herein; now, therefore,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted to the extent provided herein.

2. Pursuant to Bankruptcy Rule 9019 the Stipulation of Settlement, and all of its terms and conditions, are approved.

3. The Trustee is authorized to take any and all actions reasonably necessary to consummate the Stipulation of Settlement and perform any and all obligations contemplated therein.

4. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In Re:

Baker Solutions Inc. d/b/a CreditBaker,                    Case No. 825-72941-spg

        Debtor.

-----------------------------------------------------------X

## STIPULATION OF SETTLEMENT RESOLVING TRUSTEE'S OBJECTION
## TO PROOF OF CLAIM FILED BY LEON WEINGRAD

This Stipulation of Settlement, dated as of April 27, 2026, is made and entered into by and between Marc A. Pergament, Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate of Baker Solutions Inc. d/b/a CreditBaker (the "Debtor") and Leon Weingrad ("Weingrad") (the Trustee and Weingrad individually may be referred to as "Party" and are collectively as the "Parties").

        WHEREAS, this case was commenced by the filing of a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on July 31, 2025 (the "Filing Date"); and

        WHEREAS, Marc A. Pergament is the Chapter 7 Trustee (the "Trustee") of this Bankruptcy Estate, duly qualified and acting as such; and

        WHEREAS, prior to the Filing Date, the Debtor was a Defendant in a Class Action Lawsuit entitled *Leon Weingrad, individually and on behalf of all others similarly situated v. Baker Solutions Inc. d/b/a Credit Baker* pending in United States District Court, Eastern District of Pennsylvania, under Case No. 25-CV-1792 (the "Class Action Lawsuit"); and

        WHEREAS, according to the complaint filed in the Class Action Lawsuit, it was alleged that the Debtor had violated various provisions of the Telephone Consumer Protection Act (the "TCPA") under 47 U.S.C. § 227; and

WHEREAS, Weingrad is seeking to be class representative of the putative Plaintiffs in the Class Action Lawsuit; and

WHEREAS, the deadline to file Proofs of Claim against this Bankruptcy Estate was fixed by the Clerk of the Bankruptcy Court for December 3, 2025; and

WHEREAS, on or about December 3, 2025, Weingrad, on behalf of himself and the putative Class, filed Proof of Claim No. 6-1 against this Bankruptcy Estate as a general unsecured claim for the sum of $5,000,001.00 (the "Weingrad Proof of Claim"); and

WHEREAS, the basis for the Weingrad Proof of Claim was predicated upon the Debtor's alleged violations of the provisions of the TCPA and the pled nature of the action as a putative class action; and

WHEREAS, after conducting discovery in this matter, the Trustee asserted that he has grounds to substantially reduce or seek disallowance of the Weingrad Proof of Claim pursuant to 11 U.S.C. § 502(b) and Bankruptcy Rule 3007; and

WHEREAS, in an effort to avoid further litigation, the Trustee and Weingrad have agreed to amicably resolve any disputes as it concerns the Weingrad Proof of Claim on the terms and conditions set forth herein;

NOW THEREFORE, in consideration of the promises and mutual covenants contained herein, and for other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Trustee and Weingrad agree as follows:

1.    The Recitals stated above incorporated into this Stipulation of Settlement for all purposes. Except to the extent expressly modified herein, this Stipulation of Settlement is and shall remain in full force and effect.

2

2.     This Stipulation of Settlement and all terms and conditions herein are subject to the approval of the Bankruptcy Court.

3.     Proof of Claim 6-1 filed by Leon Weingrad for the sum of $5,000,001.00 be and it hereby is allowed as a general unsecured claim, by Leon Weingrad only, and not any putative class members, against this Bankruptcy Estate for the reduced amount of $20,000.00.

4.     The Parties acknowledge that this settlement solely resolves the Trustee's objections to the Weingrad Proof of Claim under 11 U.S.C. § 502(b) and Bankruptcy Rule 3007 and Weingrad's right to receive distribution as a general unsecured creditor in this case. Nothing in this Stipulation shall be construed as a waiver of any and all rights that Weingrad or any putative Plaintiff or class member could raise against third parties in the Class Action Lawsuit.

5.     As soon as practicable following the Trustee's receipt of this executed Stipulation of Settlement, the Trustee or his counsel shall file and serve a motion with the Bankruptcy Court seeking approval of this Stipulation of Settlement.

6.     Upon approval of an Order approving this Stipulation of Settlement between the Trustee and Leon Weingrad becoming final and non-appealable, Leon Weingrad is permitted to file an amended Proof of Claim as an individual claim of Leon Weingrad only in the reduced amount of $20,000.

7.     In the event the Court does not approve this Stipulation of Settlement, then it shall be deemed null and void and of no further force and effect.

8.     Upon execution of this Stipulation, and in consideration of the sum of ten ($10.00) dollars and other good and valuable consideration, the receipt and sufficiency of which hereby is

3

acknowledged, Leon Weingrad and Leon Weingrad's representatives, agents, administrators, successors and assigns (collectively, in this paragraph, "Leon Weingrad Releasors"), shall conclusively be deemed to have released the Trustee, Trustee's counsel, the Estate and the Estate Releasees' representatives, agents, administrators, successors and assigns (collectively, in this paragraph, "Estate Releasees"), from all claims, actions, causes of action and suits, which against the Estate Releasees the Leon Weingrad Releasors ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, exclusive of the obligations of the Trustee pursuant to this Stipulation.

9.      Upon execution of this Stipulation, and in consideration of the sum of ten ($10.00) dollars and other good and valuable consideration, the receipt and sufficiency of which hereby is acknowledged, the Trustee, Trustee's counsel, and the Estate release Leon Weingrad, and his representatives, agents, administrators, successors and assigns from any and all claims arising from Leon Weingrad's Amended Proof of Claim in the sum of $20,000.00.

10.     Cooperation. Leon Weingrad agrees to cooperate with the Trustee in effectuating the terms of this Stipulation and shall duly execute and deliver all documents and perform all acts reasonably deemed necessary by the Trustee for the implementation of this Stipulation.

11.     Counterparts. This Stipulation may be executed in two or more counterparts, and by means of signatures conveyed by telephonic facsimile transmissions or images attached to emails, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

12.     Construction. This Stipulation was jointly drafted by the Parties. It shall not be interpreted or construed against any Party to this Stipulation because that Party or any attorney or

4

representative for that Party drafted this Stipulation or any part thereof or participated in the drafting of this Stipulation or any part thereof.

13. Severability. If any provision of this Stipulation is invalid or unenforceable, then, to the fullest extent permitted by law: (i) the Parties shall attempt to agree upon a valid and enforceable provision that is a reasonable substitute thereof, and upon so agreeing shall incorporate such substitute provision into this Stipulation; (ii) the other provisions herein shall remain in full force and effect; and (iii) the invalidity or unenforceability of any provision hereof shall not affect the validity or enforceability of such other provisions.

14. Choice of Law/Venue. The Parties agree that this Stipulation shall be governed by the substantive laws of the State of New York, without reference to choice of law principles, and that venue of any action to enforce or interpret this Stipulation shall be exclusively in this Bankruptcy Court.

15. Costs and Attorney's Fees. Each Party shall bear their own attorney's fees and costs in connection with the negotiation of this Stipulation.

16. Binding Effect. This Stipulation and each term hereof shall be binding upon and inure to the benefit of each of the Trustee, the Estate, Leon Weingrad and their respective heirs, legal representatives, successors and assigns.

17. Headings. The headings of paragraphs contained in this Stipulation are for convenience only and shall not be deemed to control or affect the meaning or construction of any provision of this Stipulation.

18.    This Stipulation may not be altered, modified or changed unless in writing and signed by all parties hereto.

Dated: Garden City, New York
       April 27, 2026

                                    Weinberg, Gross & Pergament LLP
                                    Attorneys for Trustee

                          By      /s/ Michael Farina_____
                                    Michael Farina
                                    400 Garden City Plaza, Suite 309
                                    Garden City, New York 11530
                                    (516) 877-2424

Dated: Glenside, Pennsylvania
       April 27, 2026

                                    Perrong Law
                                    Attorneys for Leon Weingrad

                          By:     /s/ Andrew Roman Perrong_____
                                    Andrew Roman Perrong
                                    2657 Mount Carmel Avenue
                                    Glenside, PA 19038
                                    (215) 225-5529


                                    /s/ Leon Weingrad_____
                                    Leon Weingrad

6

## AFFIDAVIT OF SERVICE BY FIRST CLASS MAIL

Re:    Baker Solutions Inc. d/b/a CreditBaker
       Case No. 825-72941-spg

STATE OF NEW YORK )
                  )    ss.:
COUNTY OF NASSAU  )

Elysia Spedalere, being duly sworn, deposes and says:

That I am not a party to this action, am over the age of 18 years, and reside in Lindenhurst, New York.

That on the 4th day of May, 2026, I served the within **NOTICE OF HEARING** upon all creditors and parties in interest by depositing a true copy of the same enclosed in a post-paid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

**_SEE ATTACHED SERVICE LIST_**

_____
Elysia Spedalere

Sworn to before me this
4th day of May, 2026

NOTARY PUBLIC

Jacqueline Sullivan
Notary Public, State of New York
Registration No. 01SU6356566
Qualified in Nassau County
Commission Expires April 3, 2029

### SERVICE LIST

Barket Epstein Kearn Aldea & Loturco LLP
666 Old Country Road, Suite 700
Garden City, NY 11530

Berkovitch & Bouskila, PC
Attorneys for Samson MCA LLC
1545 Route 202, Suite 101
Pomona, NY 10970-2951
Attn: Steven Berkovitch, Esq.

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
Special Procedures
2 MetroTech Center
100 Myrtle Avenue
Brooklyn, NY 11201

Kaufman Dolowich LLP
1650 Market Street, Suite 4800
Philadelphia, PA 19103-7315
Attn: Richard J. Perr, Esq.

Net2phone
520 Broad Street
Newark, NJ 07102-3195

NYS Department of Labor
1220 Washington Avenue
Building 12, Room 256
Albany, NY 12226-1799

NYS Department of Taxation & Finance
Bankruptcy Unit – TCD
Building 8, Room 455
W.A. Harriman State Campus
Albany, NY 12227-0001

NYS Department of Taxation & Finance
Bankruptcy Unit
P.O. Box 5300
Albany, NY 12205-5300

Perrong Law LLC
Attorneys for Leon Weingrad
2657 Mount Carmel Avenue
Glenside, PA 19038-2911

Samson MCA LLC
17 State Street, 6th Floor
New York, NY 10004-2016

State of New York
Office of the Attorney General
28 Liberty Street, 15th Floor
New York, NY 10005

U.S. Department of Justice, Tax Division
P.O. Box 55
Ben Franklin Station
Washington, DC 20044

United States Attorney's Office
Eastern District of New York
610 Federal Plaza, 5th Floor
Central Islip, NY 11722
Attn: Long Island Bankruptcy Processing

Verizon
P.O. Box 9688
Mission Hills, CA 91346-9688

Verizon Bankruptcy Department
500 Technology Drive, Suite 550
Saint Charles, MO 63304

Westbury Plaza Associates L.P.
375 North Broadway
Jericho, NY 11753-2016

## AFFIDAVIT OF SERVICE BY ELECTRONIC MAIL

RE:    Baker Solutions, Inc. d/b/a CreditBaker
       Case No. 825-72941-spg

STATE OF NEW YORK  )
                   )  ss.:
COUNTY OF NASSAU   )

Elysia Spedalere, being duly sworn, deposes and says:

That I am not a party to this action, am over the age of 18 years, and reside in Lindenhurst, New York.

That on the 4th day of May, 2026, I served the within ***NOTICE OF HEARING, APPLICATION and PROPOSED ORDER*** upon Baker Solutions Inc. d/b/a CreditBaker c/o Mr. Gary Poon by transmitting a true copy of the same at the e-mail addresses listed below.

Baker Solutions Inc. d/b/a CreditBaker
c/o Mr. Gary Poon
E-Mail – garypoon.ny@gmail.com

_____
Elysia Spedalere

Sworn to before me this
4th day of May, 2026.

NOTARY PUBLIC

Jacqueline Sullivan
Notary Public, State of New York
Registration No. 01SU6356566
Qualified in Nassau County
Commission Expires April 3, 2029